UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

Case Number: _____

STEPHANIE BENAVIDES BAKER,

     Plaintiff,

vs.

CITY OF DELRAY BEACH, a Florida
municipal corporation, and JAVARO
A. SIMS, individually,

     Defendant.

_____/

## Complaint for Damages and Injunctive Relief

### Count I: Stephanie Benavides Baker's Claim Against the City and Javaro A. Sims Under 42 U.S.C. § 1983 for Violation of her Clearly Established 14thth Amendment Right Against Sex Discrimination

Plaintiff, Stephanie Benavides Baker, sues defendants, City of Delray Beach, and Javaro A. Sims, individually, and alleges:

### Introduction and Summary

1.    This is an action by Stephanie Jo Benavides Baker, a 41-year-old female, white/Mexican-American Master Police Officer for the City of Delray Beach Police Department.  She sues both the City and Javaro A. Sims, its first black police chief, who since taking office has passed her over eight times for promotion to sergeant in favor of a black woman, an Indian male,

a non-Hispanic white female, four non-Hispanic white males and one Hispanic male (promoted after she filed her charge of discrimination), the majority of whom were substantially younger than she.  Chief Sims also has retaliated against her because a lawyer representing her and two other female police officers complained in writing to the City Attorney about Chief Sims's repeated instances of discrimination against white or Hispanic women.  Master Officer Banker sues in:

- Count I under 42 U.S.C. § 1983 for sex discrimination concerning six failures to promote her to sergeant dating back to 2019;

- Count II under Title VII of the Civil Rights Act for sex discrimination concerning the same six failures to promote her sergeant dating back to 2019;

- Count III under § 1983 for race discrimination concerning seven failures to promote her to sergeant dating back to 2019;

- Count IV under Title VII for race discrimination likewise concerning seven failures to promote her to sergeant dating back to 2019;

- Count V under to §29 U.S.C. 621, et seq. for age discrimination concerning five to six failures to promote her to sergeant, likewise dating back to 2019, and

- Count VI under § 760.01, et seq., FLA. STAT., for age discrimination concerning the same five to six failures to promote her to sergeant dating back to 2019.

Master Officer Baker seeks money damages, injunctive relief, attorney's fees and litigation expenses and any other available remedies against the City of Delray Beach.

### Jurisdiction and Venue

2.     These claims arise under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and discrimination and retaliation prohibitions of both Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Master Officer Baker's claim for compensatory damages under the Florida Civil Rights Act of 1991 pursuant to 28 U.S.C. § 1367 because those claims are so related to claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     The claims being sued upon arose in Palm Beach County, Florida, where the defendants at all material times did business.

## Parties

4.      Stephanie Benavides Baker was at all times material a white/Mexican-American woman and a City of Delray Beach Master Police Officer who was 40-years-old or older.  She is also one of three women police officers' whose attorney complained in a December 2, 2020 letter to the City Attorney about sex and race discrimination, as well as retaliation, by Chief Sims, and through him, by the City.

5.      Defendant City of Delray Beach is, and at all times material was, a Florida municipal corporation that operated towards Master Officer Baker under color of state law and was an "employer" as defined by 42 U.S.C. § 2000e(b), 29 U.S.C. § 203(d) and § 760.02(7).

6.      Defendant Javaro A. Sims has been Chief of Police for the City of Delray Beach since February 12, 2019.  As such, he has been at all times material the City's final policy maker concerning promotions of police officers from amongst those officers who possess the requisite experience and who score high enough in the promotional process to qualify for a higher rank.

        a.      There is no meaningful review of his decisions concerning those promotion decisions by anyone within City government or through arbitration under the Collective Bargaining Agreement with the Police Benevolent Association.

        b.      Chief Sims has at all times material operated towards Master Officer Baker under color of state law.

### General Allegations

7.      Master Officer Baker has been a Delray Beach police officer since October 11, 2005 (16 years) and has held the rank of Master Police Officer since October 2019 (two years):

       a.      She at all times material possessed the qualifications to be promoted to sergeant, and

       b.      She had never suffered discipline.

8.      Nonetheless, Chief Sims during the time that he has been police chief has passed over Master Officer Baker for promotion to sergeant in favor of males, both white and black; a woman of Caribbean descent and substantially younger police officers from the promotional list on which she scored second:

       a.      Meer Dean, an Asian male, May 11, 2019;

       b.      Gina Gallina, a Caribbean woman, May 25, 2019;

       c.      Christopher Trapasso, a non-Hispanic white male, October 26, 2019

       d.      Joseph Grammatico, a non-Hispanic white male, February 1, 2020;

       e.      Brittany Brown, a non-Hispanic white female, April 11, 2020;

       f.      Noel Rusczyk, a non-Hispanic white male, August 8, 2020;

       g.      Oscar Leon, a Hispanic male, October 19, 2020, and

  h.    Casey Kelly, a non-Hispanic white male, November 17, 2020.

  9.    Chief Sims's repeatedly passing over Master Officer Baker for promotion to sergeant in favor of males, black, white and Hispanic, is part of the unofficial policy or custom of discriminating against white women that Chief Sims has established since taking office:

  a.    Upon becoming chief, Chief Sims immediately demanded the separation of Mary Santos-Olsen, a highly experienced white, Mexican-American female law-enforcement manager whom Delray Beach had recruited from the West Palm Beach police department to be assistant chief for operations, who served as a mentor for other women on the department — including Master Officer Baker — and with whom Chief Sims had refused to speak during the time they both were assistant chiefs;

  b.    Chief Sims suspended Lieutenant Nicole Guerriero, a twenty-one year police officer with an unblemished disciplinary record, for 24-hours in December 2020 — shortly after the complaint to the City Attorney's Office on behalf of Lieutenant Guerriero, Master Officer Baker and Nicole Ofsowitz Lucas, a Vice, Intelligence and Narcotics agent — based on an internal-affairs investigation that had been permitted to languish more than the 180 days, which rendered any of its findings a nullity under § 112.532(6)(a), FLA. STAT. — of which Chief Sims was aware at the time he imposed the suspension;

c.      Chief Sims also had passed over Lt. Guerriero for promotion to Captain or Assistant Chief of Police in favor of three male lieutenants, one black and two white, in April 2019 — pre-dating the beginning of the internal-affairs investigation on which Chief Sims based Lt. Guerriero's three-day suspension;

d.      Chief Sims, prior to the beginning of that investigation, had also removed Lt. Guerriero as commander of Internal Affairs and replaced her with Scott Privitera, a white male with no internal-affairs background;

e.      Chief Sims suspended agent Lucas for two months (albeit with her base salary still in place), subjected her to an Internal Affairs investigation and ordered her to undergo a psychiatric fitness-for-duty examination (all results of which were negative) after he learned that she had privately, and while off-duty, disparaged the Black Lives Matter movement as posing a threat to the safety of law enforcement officers — although no investigation was conducted into the identities of white male police department employees who publicly posted intemperate, racially-tinged Facebook statements during the time that the nation was grieving and protesting the death of George Floyd at the hands of Minnesota police officers;

f.      Although Chief Sims backed off of the 24-hour suspension he originally had threatened based on Agent Lucas's private, off-duty

criticism of Black Lives Matter, he issued her a written reprimand — which became public record and found its way to the Drug Enforcement Administration and which (reasonably foreseeably) caused the DEA to withdraw a four-year assignment of Agent Lucas to its Palm Beach County task force; that left as the only agent within the VIN unit to fulfill that lucrative assignment (one that is laden with overtime because of the nature of the job) a male agent with substantially less experience than Agent Lucas.

10.     Other incidents of sex-based disparate treatment that Master Officer Baker personally suffered included:

a.     Being limited to nine-days as an "acting sergeant" in October 2020, while four male officers, including three whom have been subsequently promoted (now-Sergeants Rusczyk, Trapasso and Leon, and Officer Michael Shiner, all of whom were on the 2020-2021 promotional list along with Master Officer Baker), were given substantially longer assignments;

b.     Being denied acting-sergeant status August 31-September 20, 2021 (and the 5 per cent pay increase that went along with it) — although her sergeant, Ed McCabe, issued a memo to "all personnel" instructing everyone that "[d]uring my absence, if you need assistance, please contact Master Police Officer S. Baker. . . ." — because she was not on a sergeant's promotion list:

          i.      She did not take the 2021-2022 exam after Chief Sims refused to promote her off the 2019-2021 list;

          ii.     Other police officers who were not on any promotional list — e.g., non-Hispanic white males Howard Lunsford, Paul Pitti and Kevin Grubb, and Michelle Geiger, a non-Hispanic white female — have historically been assigned as acting sergeants.

11.    As a direct, natural and proximate result of the Chief Sims's and the City's sex-motivated:

      a.     denial of promotion to sergeant in favor of six male candidates who scored lower than she did in the promotional ranking and

      b.     denial of her ability to work as an acting sergeant, notwithstanding her Master Police Officer status, Master Officer Baker has suffered damages, including but not limited to:

      c.     lost earnings;

      d.     diminishment of earning capacity; and

      e.     emotional distress and mental anguish.

12.    Chief Sims exhibited wilful disregard of Master Officer Baker's clearly established fourteenth-amendment right to be free from sex discrimination, entitling her to recover punitive damages against him.

13.    The sex discrimination that Master Officer Baker suffered, as more particularly alleged above, in violation of the constitutional right to be

free from sex discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

14.     If not enjoined by this Court to cease their deprivation of Master Officer Baker's constitutional right to equal protection, Chief Sims, and through him the City of Delray Beach, would continue to discriminate against her because of her sex.

15.     Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Stephanie Benavides Baker, prays that this Court will grant judgment for her, and against the defendants, City of Delray Beach and Javaro A. Sims:

***One***, determining that the City and its agents, including but not limited to Chief Sims, violated Master Officer Baker's clearly established right to equal protection, i.e., to be free from sex discrimination;

***Two***, enjoining the City and its agents, including but not limited to Chief Sims, both preliminarily and permanently, to cease discriminating against Master Officer Baker because of her sex by, inter alia, ordering her promoted to sergeant, effective retroactively to May 11, 2019 when Meer Dean, an Asian male, was promoted, or to such other date as the Court finds just;

**Three**, awarding Master Officer Baker back wages and compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding Master Officer Banker punitive damages against Javaro A. Sims in his individual capacity;

**Five**, awarding Master Officer Baker costs, including attorney's fees and litigation expenses, against the City of Delray Beach and Javaro A. Sims, jointly and severally, and

**Six**, granting such other and further relief as is just.

## Count II: Stephanie Benavides Baker's Claim Against the City for her Title VII Right Against Sex Discrimination

16.    Plaintiff, Stephanie Benavides Baker, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-7; 8(a), (c), (d), (f), and 9-11.

17.    Pursuant to 42 U.S.C. § 2000e-1(a)(1):  "It shall be an unlawful employment practice for an employer. . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ."

18.    The sex discrimination that Master Officer Baker suffered, as more particularly alleged above, was in violation of the statutory right to be

free from sex discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

19.    If not enjoined by this Court to cease its deprivation of Master Officer Baker's statutory right against sex discrimination, the City of Delray Beach, through Chief Sims and other agents, would continue to discriminate against her because of her sex.

20.    Plaintiff is entitled, pursuant to 42 U.S.C. § 2000e-5(k), to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Stephanie Benavides Baker, prays that this Court will grant judgment for her, and against the defendant, City of Delray Beach:

***One***, determining that the City and its agents, including but not limited to Chief Sims, violated Master Officer Baker's statutory right to be free from sex discrimination;

***Two***, enjoining the City and its agents, including but not limited to Chief Sims, both preliminarily and permanently, to cease discriminating against Master Officer Baker because of her sex by, inter alia, ordering her promoted to sergeant, effective retroactively to May 11, 2019 when Meer Dean, an Asian male, was promoted, or to such other date as the Court finds just;

**Three**, awarding Master Officer Baker back wages and compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding Master Officer Baker costs, including attorney's fees and litigation expenses, against the City of Delray Beach, and

**Five**, granting such other and further relief as is just.

### Count III: Stephanie Benavides Baker's Claim Under 42 U.S.C. § 1983 for Violation of her Clearly Established 14th Amendment Right Against Race Discrimination Against the City and Javaro A. Sims

21.     Plaintiff, Stephanie Benavides Baker, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-7; 8(a)-(f) and (h), and 9 (a)-(c) and (e)-(f).

22.     In addition to the allegations contained in ¶¶ 8(a)-(f) and (h), other examples of Chief Sims' racial predisposition included his:

a.      Instructing Sergeant Paul Weber, who as the sergeant in command of the Training Unit and, therefore, of recruitment, In 2019 that he did not want any more Mexican candidates  ("We have enough Mexicans") — and doing it over a speaker-phone as Master Officer Baker listened;

b.      Ordering deviations in the application and background investigations of black candidates to become police officers, e.g.:

       i.     Reopening application periods to accommodate black candidates who had failed to apply timely to be hired as police officers, e.g., Rachel Davis (applicant), on or about November 10, 2021; Savanna Lee (applicant), on or about October 27, 2021; Officer Chason Lang, in or about November 2020; Officer Elizabeth Stroud,  (then cadet, now officer) and Officer Patrick Adolphe, in 2019.

       ii.     Permitting Officer Stroud, when she was a police cadet, to skip the oral-interview stage of hiring process and to avoid submitting to Sims could hire him as a police cadet.

       iii.     Obtaining a pardon for Officer Adolphe, a convicted felon, so that Sims could hire him as a police cadet and then, in or about May 2021, although his conviction had not been expunged, authorizing Officer Adolphe's having unlimited access to computerized drivers-license and criminal-history information through the Florida Department of Law Enforcement's Criminal Justice Information Services.

       c.     Reversing Sergeant Jeffrey Caldwell's choice in 2010 of then-Officer Baker as a juvenile detective, replacing her with Daniella Quinn, a black woman:

       i.     After Rachel Saunders, who was at the time Officer Baker's lieutenant, asked Chief Sims (then the Investigation Division captain) why he had done so, Lieutenant Saunders quoted Chief Sims as telling her that he did not have to explain himself;

ii.      After Officer Baker did a public records request, however, she obtained a November 8, 2010 memo to then Chief of Police Anthony W. Strianese in which then Captain Sims stated that he had done so because he thought that the unit needed another black detective — although the unit was then made up of a black male, an Asian male, a white male and a white female, but no Hispanics.

d.      As an assistant chief, Chief Sims's in February 2018, denying Master Officer Baker permission to attend a leadership class, while approving Daniella Quinn, who is black; four non-Hispanic white males (Michael Debree, Gary Ferreri, Vincent Grey and Justin Reed) and one non-Hispanic white female (Rachel Van Ness):

i.      Although Saunders, by this time an assistant chief and an outspoken antagonist of Assistant Chief Santos-Olsen, told Master Officer Baker that she could "run to Mary" and that Assistant Chief Santos-Olsen would probably approve it, she counseled against doing do.

ii.      In January 2019, Assistant Chief Sims and Assistant Chief Saunders approved two non-Hispanic white males (Matthew Naparstek and Jonathan Rusczyk and a Hispanic male, Adan Pacheco), to attend the leadership class, but, again, not Master Officer Baker.

23.      As a direct, natural and proximate result of the Chief Sims's and the City's race-motivated denial of promotion to sergeant in favor of seven candidates who were not white/Mexican-Americans, all but one of whom

scored lower than she did in the promotional ranking, Master Officer Baker has suffered damages, including but not limited to:

      a.    lost earnings;

      b.    diminishment of earning capacity; and

      c.    emotional distress and mental anguish.

24.    Chief Sims exhibited wilful disregard of Master Officer Baker's clearly established fourteenth-amendment right to be free from race discrimination, entitling her to recover punitive damages against him.

25.    If not enjoined by this Court to cease their deprivation of Master Officer Baker's constitutional right to equal protection, Chief Sims, and through him the City of Delray Beach, would continue to discriminate against her because of her race, white/Mexican-American.

WHEREFORE, Plaintiff, Stephanie Benavides Baker, prays that this Court will grant judgment for her, and against the defendant, City of Delray Beach:

***One***, determining that the City and its agents violated Master Officer Baker's clearly established right to equal protection, i.e., to be free from race discrimination, passing over her in favor of sergeant-candidates who were not white/Mexican-Americans;

***Two***, enjoining the City and its agents, including but not limited to Chief Sims, both preliminarily and permanently, to cease discriminating against Master Officer Baker because of her race by, <u>inter alia</u>, ordering her

promoted to sergeant, effective retroactively to May 11, 2019 when Meer Dean, an Asian male, was promoted, or to such other date as the Court finds just;

**Three**, awarding compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding punitive damages against Javaro A. Sims in his individual capacity;

**Five**, awarding costs, including attorney's fees and litigation expenses, against the City of Delray Beach and Javaro A. Sims, jointly and severally, and

**Six**, granting such other and further relief as is just.

## Count IV: Stephanie Benavides Baker's Claim Against the City for her Title VII Right Against Race/National Origin Discrimination

26.    Plaintiff, Stephanie Benavides Baker, realleges and adopts, as if fully set forth in Count IV, the allegations of ¶¶ 1-7; 8(a)-(f), (h); 9(a)-(c) and (e)-(f), and 17.

27.    The race/national origin discrimination that Master Officer Baker suffered, as more particularly alleged above, was in violation of the statutory right to be free from such discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

28.    If not enjoined by this Court to cease its deprivation of Master Officer Baker's statutory right against race/national origin discrimination, the

City of Delray Beach, through Chief Sims and other agents, would continue to discriminate against her because of her sex.

29.     Plaintiff is entitled, pursuant to 42 U.S.C. § 2000e-5(k), to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Stephanie Benavides Baker, prays that this Court will grant judgment for her, and against the defendant, City of Delray Beach:

**One**, determining that the City and its agents, including but not limited to Chief Sims, violated Master Officer Baker's statutory right to be free from sex discrimination;

**Two**, enjoining the City and its agents, including but not limited to Chief Sims, both preliminarily and permanently, to cease discriminating against Master Officer Baker because of her sex by, <u>inter alia</u>, ordering her promoted to sergeant, effective retroactively to May 11, 2019 when Meer Dean, an Asian male, was promoted, or to such other date as the Court finds just;

**Three**, awarding Master Officer Baker back wages and compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding Master Officer Baker costs, including attorney's fees and litigation expenses, against the City of Delray Beach, and

*Five*, granting such other and further relief as is just.

### Count V: Stephanie Benavides Baker's Claim Against the City Under The Age Discrimination in Employment Act

30.     Plaintiff, Stephanie Benavides Baker, realleges and adopts, as if fully set forth in Count V, the allegations of ¶¶1-8.

31.     Master Officer Baker was not promoted to sergeant because of her age.

32.     As a direct, natural and proximate result of her being not promoted because of her age, Master Officer Baker has suffered lost wages and benefits, and, if the City were not enjoined to instate her, would continue to suffer such losses.

33.     The City's actions in failing to promote Master Officer Baker were willful, entitling her to liquidated damages.

34.     Master Officer Baker is entitled, pursuant to 29 U.S.C. §§ 216(b) and 626(b), to recover her reasonable attorney's fees and costs.

WHEREFORE, Master Officer Baker prays that this court will:

*One*, determine that she was terminated because of her age;

*Two*, determine that the City's age discrimination was willful;

*Three*, award her back wages and benefits;

*Four*, award her liquidated damages;

*Five*, grant her equitable relief, i.e., either instatement as a sergeant, or, if that would not be effective as a make-whole remedy, front pay;

*Six*, award her attorney's fees and costs, and

***Seven***, grant such other and further relief as is just.

## Count VI: Stephanie Benavides Baker's Age Discrimination Claim Against the City Under the Florida Civil Rights Act

35.    Plaintiff, Master Officer Baker, realleges and adopts, as if they were fully set forth in Count VI, the allegations of ¶¶ 1-8 and 31-32.

36.    The City's failure to promote Master Officer Baker because of her age violated § 760.10(1)(a), Fla. Stat.

37.    As a direct, natural and proximate result of her not being promoted because of her age, Master Officer Baker has suffered lost wages and benefits, mental anguish, loss of dignity, and other intangible injuries, and, if the City were not enjoined to reinstate her, would continue to suffer such losses.

38.    Master Officer Baker is entitled, pursuant to § 760.11(5), to recover her reasonable attorney's fees and costs.

WHEREFORE, Master Officer Baker prays that this court will:

***One***, determine that Master Officer Baker was not promoted because of her age;

***Two***, award her back wages and benefits;

***Three***, award her compensatory damages for her mental anguish, loss of dignity, and other intangible injuries;

***Four***, grant her equitable relief, i.e., either instatement as a sergeant or, if that would not be effective as a make-whole remedy, front pay;

***Five***, award her attorney's fees and costs, and

***Six***, grant such other and further relief as is just.

Dated:  November 15, 2021.

Respectfully Submitted,

*/s/ Karen Coolman Amlong*
KAmlong@TheAmlongFirm.com
The Amlong Firm
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

***Attorneys for the Plaintiff,***
***Stephanie Benavides Baker***

\\amlong3\cpshare\CPWin\HISTORY\210325_0001\17F7.8C